IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THEODORE D. JONES,                          No. C 08-04172 CW (PR)

          Plaintiff,                        ORDER OF SERVICE

     v.

SAN FRANCISCO COUNTY SHERIFF
MICHAEL HENNESSEY, et al.,

          Defendants.
_____/

INTRODUCTION

     Plaintiff, a state prisoner, has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants used excessive force against him and were deliberately indifferent to his serious medical needs.

     Plaintiff's motion for leave to proceed <u>in forma pauperis</u> has been granted.  He has since paid the full filing fee.

     Venue is proper because the events giving rise to the claim are alleged to have occurred at the San Francisco County Jail (SFCJ), which is located in this judicial district.  <u>See</u> 28 U.S.C. § 1391(b).

     In his complaint, Plaintiff names the following Defendants: SFCJ Sheriff Michael Hennessey; SFCJ Sergeants McCollough (#1390) and Threats (#707); and SFCJ Deputies Laval (#1559) and Shimaura[1] (#1566).  Plaintiff seeks monetary damages.

DISCUSSION

I.   Standard of Review

     A federal court must conduct a preliminary screening in any

_____

     [1] Plaintiff spelled Defendant Shimaura's name as "Shamura" in his complaint.  Clerk's staff has confirmed that the correct spelling is "Shimaura."

United States District Court
For the Northern District of California

case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. Legal Claims

A. Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on March 11, 2008, he was subjected to excessive force by Defendant Laval. Specifically, Defendant Laval took Plaintiff to an "isolated area" and "became enraged striking,

2

United States District Court
For the Northern District of California

1    punching, kicking [Plaintiff], and poking his finger in

2    [Plaintiff's] eye sockets." (Compl. at 3.)  Plaintiff claims that

3    he was handcuffed during the "violent beating." (Compl., Attach.

4    at 1.)  He alleges that he sustained injuries as a result of this

5    incident.

6        Plaintiff alleges Defendants McCollough, Threats and Shimaura

7    are liable for failing to intervene and for "covering up assault

8    inflicted by Deputy Laval." (Id.)

9        Liberally construed, Plaintiff's complaint states a cognizable

10   Eighth Amendment claim against Defendants Laval, McCollough,

11   Threats and Shimaura.

12       B.   Deliberate Indifference Claim

13       Plaintiff's allegations also state a claim for deliberate

14   indifference to his serious medical needs.

15       Deliberate indifference to serious medical needs violates the

16   Eighth Amendment's proscription against cruel and unusual

17   punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976);

18   McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

19   on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133,

20   1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771

21   (9th Cir. 1986).  A determination of "deliberate indifference"

22   involves an examination of two elements: the seriousness of the

23   prisoner's medical need and the nature of the defendant's response

24   to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical

25   need exists if the failure to treat a prisoner's condition could

26   result in further significant injury or the "unnecessary and wanton

27   infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at

28   104).  A prison official is deliberately indifferent if he or she

3

United States District Court
For the Northern District of California

1   knows that a prisoner faces a substantial risk of serious harm and
2   disregards that risk by failing to take reasonable steps to abate
3   it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

4        Plaintiff states that he suffered from "significant injuries
5   to [his] shoulder, knee and hip."  (Compl., Attach at 1.).
6   Defendants refused to provide Plaintiff with medical treatment for
7   his injuries.

8        Plaintiff has adequately pled cognizable claims against
9   Defendants Laval, McCollough, Threats and Shimaura for the use of
10  excessive force and deliberate indifference to his medical needs.

11       C.   Supervisory Liability

12       In addition to naming Defendants Laval, McCollough, Threats
13  and Shimaura, Plaintiff also names Defendant Hennessey on the basis
14  of supervisory liability.

15       A supervisor may be liable under § 1983 upon a showing of
16  (1) personal involvement in the constitutional deprivation or (2) a
17  sufficient causal connection between the supervisor's wrongful
18  conduct and the constitutional violation.  Redman v. County of San
19  Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation
20  omitted).  Here, Plaintiff has alleged neither.

21       Accordingly, Plaintiff's supervisory liability claim against
22  Defendant Hennessey is DISMISSED with leave to amend.  Plaintiff
23  may file an amendment to the complaint alleging supervisory
24  liability under the standards explained above.

25                          CONCLUSION

26       For the foregoing reasons, the Court orders as follows:

27       1.   Plaintiff states a cognizable Eighth Amendment claim for
28  the use of excessive force and for deliberate indifference to

                                4

United States District Court
For the Northern District of California

1   serious medical needs against Defendants Laval, McCollough, Threats

2   and Shimaura.

3       2.    Plaintiff's supervisory liability claim against Defendant

4   Hennessey is DISMISSED WITH LEAVE TO AMEND as indicated above.

5       3.    Within thirty (30) days of the date of this Order

6   Plaintiff may file an amended supervisory liability claim against

7   Defendant Hennessey as set forth above in Section II(C) of this

8   Order.  (Plaintiff shall resubmit only that claim and not the

9   entire complaint.)  The failure to do so will result in the

10  dismissal without prejudice of the supervisory liability claim

11  against Defendant Hennessey.

12      4.    The Clerk of the Court shall mail a Notice of Lawsuit and

13  Request for Waiver of Service of Summons, two copies of the Waiver

14  of Service of Summons, a copy of the complaint and all attachments

15  thereto (docket no. 1) and a copy of this Order to SFCJ Sergeant

16  McCollough (#1390) and Threats (#707) as well as SFCJ Deputies

17  Laval (#1559) and Shimaura (#1566).  The Clerk of the Court shall

18  also mail a courtesy copy of the complaint and a copy of this Order

19  to the San Francisco County Counsel's Office.  Additionally, the

20  Clerk shall mail a copy of this Order to Plaintiff.

21      5.    Defendants are cautioned that Rule 4 of the Federal Rules

22  of Civil Procedure requires them to cooperate in saving unnecessary

23  costs of service of the summons and complaint.  Pursuant to Rule 4,

24  if Defendants, after being notified of this action and asked by the

25  Court, on behalf of Plaintiff, to waive service of the summons,

26  fail to do so, they will be required to bear the cost of such

27  service unless good cause be shown for their failure to sign and

28  return the waiver form.  If service is waived, this action will

United States District Court

For the Northern District of California

proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

6.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.   No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is

filed.   The Ninth Circuit has held that the following notice should

be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of

Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

(party opposing summary judgment must come forward with evidence

showing triable issues of material fact on every essential element

of his claim).  Plaintiff is cautioned that because he bears the

burden of proving his allegations in this case, he must be prepared

to produce <u>evidence</u> in support of those allegations when he files

his opposition to Defendants' dispositive motion.  Such evidence

may include sworn declarations from himself and other witnesses to

the incident, and copies of documents authenticated by sworn

declaration.   Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.   If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

      d.   The motion shall be deemed submitted as of the date the reply brief is due.   No hearing will be held on the motion unless the Court so orders at a later date.

    7.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.   Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    8.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    9.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    10.   Extensions of time are not favored, though reasonable extensions will be granted.   Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: 5/7/10

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

THEODORE D. JONES,

        Plaintiff,

  v.

SF SHERIFF'S DEPT. et al,

        Defendant.
_____/

Case Number: CV08-04172 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Dwayne Jones G18819
San Quentin State Prison
San Quentin,  CA 94964

Dated: May 7, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California